**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-1981

DWAYNE SWANN,

Plaintiff - Appellant,

v.

CITY OF RICHMOND, VIRGINIA, The; JAMES EARL WILSON, Officer,
In his individual capacity; KEVIN PAUL HATHAWAY, Officer, In
his individual capacity; MICHAEL SEAN MOCELLO, Officer, In
his individual capacity,

Defendants - Appellees.

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond. Robert E. Payne, Senior
District Judge. (3:06-cv-00069-REP)

Argued: October 30, 2008          Decided: January 27, 2009

Before WILLIAMS, Chief Judge, and NIEMEYER and KING, Circuit
Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Timothy Dezso Greszler, COVINGTON & BURLING, Washington,
D.C., for Appellant. Charles Franklin Midkiff, MIDKIFF, MUNCIE
& ROSS, P.C., Richmond, Virginia, for Appellees. **ON BRIEF:** John
E. Hall, Joshua D. Wolson, M. Ryan Calo, COVINGTON & BURLING,
Washington, D.C.; Steven D. Benjamin, Betty Layne DesPortes,
BENJAMIN & DESPORTES, P.C., Richmond, Virginia, for Appellant.
Robert S. Reverski, Jr., MIDKIFF, MUNCIE & ROSS, P.C., Richmond,
Virginia, for Appellee Michael Sean Mocello, Officer; William J.

Owen, III, OWEN & OWENS, P.L.C., Richmond, Virginia, for Appellee James Earl Wilson, Officer; William J. Hoppe, CITY ATTORNEY'S OFFICE FOR THE CITY OF RICHMOND, Richmond, Virginia, for Appellee City of Richmond; David P. Corrigan, Jeremy D. Capps, HARMAN, CLAYTOR, CORRIGAN & WELLMAN, P.C., Glen Allen, Virginia, for Appellee Kevin Paul Hathaway, Officer.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dwayne Swann was shot five times by Richmond City police officers during an encounter in the Hillside Court area of Richmond, Virginia, on February 3, 2004. Alleging the excessive use of force, Swann commenced this action against three officers and the City of Richmond under 42 U.S.C. § 1983 and Virginia common law. The district court granted the defendants' motions for summary judgment, concluding that the officers either did not seize Swann in the constitutional sense or that they acted objectively reasonably in the circumstances, or both. On the common law claims, the court concluded that the officers acted objectively reasonably and in their own self-defense. We affirm.

I

At approximately midnight on the evening of February 3, 2004, Richmond police officers traveled to Hillside Court, a well-known high crime and drug trafficking area, to serve warrants. Observing a group of individuals standing outside one of the buildings there, the officers decided to approach. As they did, the group broke and Swann began running from the officers. One of the lead officers relayed over the radio to the other officers to be careful and to watch for weapons because he had observed Swann move his hands towards his

3

waistband as he ran and discard something. Swann led several officers, including Detectives Hathaway and Wilson on a foot chase to a white Altima where Taiquan Byrd was sitting in the passenger seat. Swann got into the back seat and began making movements from his waist to the floorboard. Detective Mocello arrived on the scene shortly thereafter and took a position near the left rear door of the Altima. Detective Hathaway positioned himself in the center front of the car and Wilson, at the center right of the car, ordering Swann and Byrd to raise their hands, to stop moving, and to exit the vehicle. Swann and Byrd ignored the orders.

Instead, at Swann's prompting, Byrd moved into the driver's seat, started the car, and drove the vehicle toward Detectives Wilson and Hathaway, knocking Wilson to the ground. Hathaway and Wilson both fired their weapons at Byrd. When Mocello heard the shots, he believed that they had come from inside the car, principally based on his earlier observations of Swann's furtive movements, the warnings given by other officers that Swann might be armed, and the fact that a bullet exited the rear window of the car. After firing at Byrd for the purpose of keeping him from hitting Hathaway, Mocello proceeded to fire at Swann, who he thought was the likely shooter. The car subsequently crashed into a tractor-trailer across the street, and Byrd and Swann were both apprehended.

During the encounter, Hathaway fired three shots; Wilson, two; and Mocello, four. Byrd was hit once, and Swann was hit five times. No gun was found inside the car, but several individually-wrapped drug packages were found on the floorboard.

Swann commenced this action against Hathaway, Wilson, Mocello, and the City of Richmond, alleging the use of excessive force, in violation of his constitutional rights. He also alleged state law claims for assault, battery, intentional infliction of emotional distress, and gross negligence.

On the motions of the defendants, the district court granted summary judgment in favor of the defendants on all claims. Swann v. City of Richmond, 498 F. Supp. 2d 847 (E.D. Va. 2007).

As to Swann's claim against Detective Hathaway, the district court concluded that Swann was unable to demonstrate that Hathaway had intended to shoot Swann or that he actually shot him. The court also noted that even if Hathaway had seized Swann (in a constitutional sense) by shooting him, Hathaway had acted in an objectively reasonable manner, intending to "protect himself from a vehicle that was being driven towards him and another officer." Id. at 865.

As to Swann's claim against Detective Wilson, again the court concluded that Swann was unable to demonstrate that Wilson had intended to shoot Swann or that he actually shot him. The

5

court also concluded that even if Wilson had seized Swann (in a constitutional sense) by shooting him, Wilson had acted in an objectively reasonable manner. He was faced with an accelerating vehicle coming directly at him and bullets flying, forcing him to "make a split-second decision about his own protection and the protection of his fellow officers." Id. at 873. The district court noted that "it is settled that courts cannot 'second-guess the split-second judgment of a trained police officer merely because that judgment turns out to be mistaken, particularly where inaction could have resulted in death or serious injury to the officer and others.'" Id. at 855 (quoting McLenagan v. Karnes, 27 F.3d 1002, 1007-08 (4th Cir. 1994)).

As to Swann's claim against Detective Mocello, the district court concluded that Mocello acted objectively reasonably in the circumstances. Based on Swann's furtive movements, his refusal to comply with officers' orders, and the firing of guns, with one bullet exiting through the back windshield of the car, Mocello perceived that Swann was shooting at him. The district court held that Mocello acted objectively reasonably in choosing to shoot back. The district court noted that Mocello was "faced with an impossible choice" and "pausing to reflect upon his options could have cost him his life." Id. at 869, 870 (internal quotation marks omitted). The district court

6

concluded that "[w]hile hindsight may now show that Swann did not present any actual threat of harm to Detective Mocello from a gun, Detective Mocello was not afforded the luxury of armchair reflection to decide how to respond to the perceived threat." Id. at 869 (internal quotation marks omitted); see also Graham v. Connor, 490 U.S. 386, 396 (1989) ("The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight").

On Swann's claims against the officers for state common law assault, battery, intentional infliction of emotional distress, and gross negligence, the court concluded that the officers acted in an objectively reasonable manner in the circumstances and in their own self-defense.

Finally, on Swann's claim against the City of Richmond, the court granted summary judgment in favor of the City based on its grant of summary judgment in favor of the individual officers. The court noted that "there can be no municipal liability in the absence of a claim of a constitutional violation by one of the individual defendants." Swann v. City of Richmond, No. 3:06-cv-00069 (E.D. Va. Aug. 23, 2007).

From the district court's judgment, dated August 23, 2007, Swann filed this appeal.

7

II

Having had the benefit of the parties' briefs and their oral argument and having thoroughly reviewed the record, we conclude that the district court correctly granted the motions for summary judgment in favor of the defendants as to all of Swann's claims. Accordingly, we affirm on the reasoning of the district court's careful and thorough opinion in this case.

AFFIRMED